In re OKMULGEE GAS CO.
CITY OF OKMULGEE v. OKMULGEE
GAS CO.

No. 17134.  Opinion Filed Jan. 14, 1930.

L. L. Cowley and A. E. Underwood, for plaintiff in error.

Ames, Cochran & Ames and Allen, Underwood & Smith, for defendant in error.

SWINDALL, J.  This appeal is from an order of the Corporation Commission of the

**state of** Oklahoma wherein on July 10, 1925, the Okmulgee Gas Company, a corporation, filed with the Corporation Commission of the state of Oklahoma, a declaration and agreement of the Okmulgee Gas Company, a corporation, surrendering its municipal franchise in exchange for a revocable permit. On the 18th day of July, 1925, the city of Okmulgee, state of Oklahoma, a municipal corporation, filed its protest and objection to the jurisdiction of the Corporation Commission to permit the Okmulgee Gas Company, a corporation, to surrender its municipal franchise in exchange for a revocable permit, and alleging that House Bill No. 4 is in violation of and contrary to section 5a of art. 18 of the Constitution, and to section 32 of art. 2 of the Constitution, and to other sections of the Constitution of the state of Oklahoma.

On the 18th day of July, 1925, the Corporation Commission of the state of Oklahoma denied the protest and objections of the city of Okmulgee, and issued a certificate of issuance of revocable permit to the Okmulgee Gas Company, and from that order of the Commission, the city of Okmulgee gave notice of appeal to this court, and a transcript of the proceedings before the Corporation Commission, duly certified to as required by law, was filed in this court on January 15, 1926. Thereafter a stipulation was filed in said cause, agreeing that it might be held in abeyance pending a decision by this court in No. 18465, City of Okmulgee, a Municipal Corporation, v. Okmulgee Gas Company, a Corporation, Defendant in Error, and Oklahoma Natural Gas Corporation, Substituted Defendant in Error.

This court has decided cause No. 18465, which has become final, and is reported in 140 Okla. 88, 282 Pac. 640, and in that case we held that chapter 102 of the Session Laws of Oklahoma 1925, being an act relating to the business of furnishing power, light, heat, gas, electricity, or water in cities and towns; authorizing the surrender of municipal franchises in exchange for revocable permits, requiring certificates of convenience and necessity, and providing for the determination and issuance thereof, and repealing acts in conflict therewith, by its terms authorizes any person, firm, association, or corporation now or hereafter engaged in the business of furnishing power, light, heat, gas, electricity, or water as a public utility in any city or town in this state under a municipal franchise now in existence, or hereafter granted by such municipality, at any time before the expiration of such franchise, but not thereafter,

to file with the clerk of the municipal corporation which granted such franchise, and with the Corporation Commission of the state of Oklahoma, a written declaration and agreement issued in the manner required for the execution of conveyances of real estate, that it surrenders such municipal franchise for the purposes mentioned in said act; that in consideration, the utility surrendering the same shall, by operation of law, receive in lieu of such surrendered franchise a permit from the state revocable only by the Legislature of the state of Oklahoma, whenever in its opinion such permit may be injurious to the citizens of this state, in such manner, however, that no injustice shall be done to the holder of such permit—in effect authorizes the converting of a limited franchise granted by a municipal corporation into a perpetual franchise, and therefore violates section 32 of art. 2 of the Constitution, which declares that perpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed; and further, that chapter 102 of the Session Laws of 1925 is invalid in that it deprives the qualified electors of a municipality from granting, renewing, or extending a franchise for not exceeding 25 years, such power being reserved in our Constitution by the people to themselves under section 5a of art. 18 of the Constitution, and that chapter 102, Session Laws of 1925, commonly known as House Bill No. 4, burdens and violates section 5b of art. 18 of the Constitution, in that it deprives 25 per centum of the total number of electors voting at the next preceding general municipal election from presenting a signed petition to the chief executive officer of a municipality demanding that a franchise be granted, extended, or renewed and filing the same with the chief executive officer of said corporation, and deprives said chief executive officer from calling an election thereon within 10 days after the same is filed for the purpose of submitting the question of whether or not such franchise shall be granted, extended, or renewed, and if, at said election, a majority of the said electors voting thereon shall vote for the granting, extension, or renewal of such franchise, said act deprives and prevents the proper authorities at the next succeeding regular meeting of the legislative body of the city from granting, extending, or renewing such franchise, such power being reserved in our Constitution by the people to themselves under section 5b of art. 18 of the Constitution.

Having arrived at the conclusion that chapter 102 of the Session Laws of 1925 is

unconstitutional and void, we hold that the Corporation Commission of the state of Oklahoma is without jurisdiction to permit the surrender of a municipal franchise granted by a municipal corporation and the receiving in lieu thereof by the holder of such franchise of a revocable permit, as, under the Constitution of this state, the municipality granting the franchise and having the right under the Constitution to grant the same alone has the authority by vote of the electors as provided for in the Constitution of extending or renewing such franchise, and this right reserved in our Constitution by the people to themselves cannot be taken away from them by the Legislature, and any attempt to do so violates the letter and spirit of our Constitution, and is therefore void.

Owing to the fact that we fully discussed the contentions presented in this case in the case of City of Okmulgee v. Okmulgee Gas Company, supra, we do not feel that any useful purpose could be served by a further discussion of the issues in this appeal. We therefore hold that the action of the Corporation Commission in permitting the Okmulgee Gas Company, a corporation, to surrender its municipal franchise and receive in lieu thereof a revocable permit from the state of Oklahoma was beyond the power and jurisdiction of the Corporation Commission, and this cause is therefore reversed and remanded to the Corporation Commission of the state of Oklahoma, with directions to cancel the revocable permit issued the Okmulgee Gas Company, and to dismiss said proceedings for want of jurisdiction of the Corporation Commission to grant said permit.

MASON, C. J., LESTER, V. C. J., and CLARK, RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur. HUNT, J., dissents.

Note.—See "Franchises," 26 C. J. § 98, p. 1040, n. 33. "Monopolies," 41 C. J. § 13, p. 87, n. 64.